JUSTICE TRIEWEILER
specially concurring.
¶28 I specially concur with the majority opinion. While I agree with the result, I do not agree with all the reasons given for that result.
¶29 For example, as pointed out in the majority opinion, pursuant to § 46-16-105(l)(b), MCA (1985), and as applied by our decision in State v. Buckman (1986), 236 Mont. 37, 43, 768 P.2d 1361, 1365, the district court must advise a defendant of the maximum penalty provided by law before the district court can accept a guilty plea. In this case, had the maximum penalty for each offense been 100 years of imprisonment and the possible enhancement by ten years for use of a weapon, I believe that this statute and our prior decision would have required that the District Court advise Wilson that all periods of imprisonment could be imposed consecutively, and that the maximum term of imprisonment would, in that event, have been 220 years. The District Court did not do that, nor was that information included at any point in the acknowledgment of waiver of rights. I disagree with the majority’s conclusion that “[t]he acknowledgment also contains sufficient language to inform Wilson that he could receive consecutive sentences.” Wilson was told that the sentence enhancement for each offense could run consecutive to the basic sentence for each offense, but was never advised that the term of imprisonment for one offense could be imposed consecutive to the term of imprisonment for the other offense.
*438 ¶30 However, the maximum sentence provided by law for the offenses to which Wilson pled guilty was not imprisonment for a period of years. Section 45-5-102, MCA, provides the following possible sentences for deliberate homicide or deliberate homicide by accountability:
(2) A person convicted of the offense of deliberate homicide shall be punished by death as provided in 46-18-301 through 46-18-310, by life imprisonment, or by imprisonment in the state prison for a term of not less than 10 years or more than 100 years, except as provided in 46-18-219 and 46-18-222.
¶31 Punishment, by death or imprisonment for life are both more severe sentences than imprisonment for a period of years, and Wilson was advised of both of those possibilities in the colloquy cited in ¶ 16 of the majority opinion. It is therefore my conclusion that without regard to the lack of any advice about the possibility for consecutive sentences, Wilson was advised of the maximum penalties provided by law for each of the offenses to which he pled guilty. For that reason, I specially concur with the majority’s conclusion that the District Court’s advice to Wilson satisfied the requirements of § 46-16-105(1)00, MCA (1985).
¶32 I also concur with the remaining conclusions expressed in the majority opinion and with the reasons given therefore.